UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

Moorish National Republic Federal Government;
GRADY RENARD WILLIAMS JR.
        Plaintiff,

V.

STATE OF GEORGIA;
GEORGIA DEPARTMENT
OF CORRECTIONS,
individually and in their official capacities,
        Defendants.

Civil Action No.
COMPLAINT

FILED AUG 11 '25 PM 12:27
MDGA-VAL

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 28 U.S.C. Section 1350 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1251(1)(3) and 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Georgia is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff Grady Renard Williams Jr., also known as, Abdul Malik Bey, is and was at all times mentioned herein a prisoner of the State of Georgia in the custody of the Georgia Department of Corrections. He is currently confined in Valdosta State Prison, in Valdosta, Georgia.

## III. DEFENDANT

4. The State of Georgia, doing business as, the Georgia Department of Corrections, including its employees under oath of office. They are legally responsible for the operation of the Georgia Department of Corrections and for the welfare of all the inmates in their custody; and for the protection of all the citizens in the state.

5. The Georgia Department of Corrections is legally responsible for the operation of all of the prisons within the State of Georgia; and for the welfare of all the inmates in their custody.

6. Each defendant is sued individually and in their official capacities. At all times mentioned in this complaint, each defendant acted under the color of state law.

## IV. FACTS

7. At all times relevant to this case, Plaintiff is a Public Minister of the Moorish National Republic Federal Government.

8. Plaintiff states a claim of imminent danger and wrongful death against the defendants.

9. On or about December of 2022, Plaintiff helped another inmate, John Madison Fitzpatrick, file a lawsuit against former Wilcox State Prison Warden Lawrence Whittington (Case # 5:22-cv-00082).

10. Plaintiff further alleges that Whittington forwarded a copy of the complaint from that lawsuit to a Unit Manager at Wilcox State Prison, Melissa Lawson, who took screenshots of complaint and forwarded the screenshots to T.J. Price, an inmate and the "Chief Enforcer" of the Gangster Disciples.

11. Plaintiff also alleges Price and Varis Johnson, another inmate and the "Head of Security" for the Gangster Disciples, then used cellphones to put a "statewide hit on the Plaintiff, Plaintiff's family members, and known associates."

12. Plaintiff alleges that, since that time, the Gangster Disciples have killed twenty (20) members of Plaintiff's family and offered $100,000.00 for the murder of Plaintiff.

13. In December 2022, Plaintiff claims gang members attempted to break into Plaintiff's cell, to try to carry-out the hit on Plaintiff. When the break in was unsuccessful, Plaintiff claims Price and Johnson ordered gang members to kill Plaintiff's mother and brother, Alice Marie Cooper and Travis Centel Cooper.

14. Thereafter, Plaintiff sent a letter to Charles Mims, another former Warden of Wilcox State Prison, informing Mims of the situation with the Gangster Disciples and telling Mims that Plaintiff needed to speak to the Georgia Bureau of Investigations ("G.B.I."). Mims did not respond to Plaintiff's letter.

15. Instead, Plaintiff was transferred to Dooly State Prison. When Plaintiff arrived at Dooly State Prison on March 3, 2023, he told the gang investigator that he was/is being targeted by the Gangster Disciples. As a result, the gang investigator placed Plaintiff in administrative segregation.

16. On April 1, 2023, Plaintiff wrote a letter to former Dooly State Prison Warden Timothy Sales informing Sales about the situation with the Gangster Disciples and asking to speak with the G.B.I.

17. Sales did not respond to Plaintiff's letter before being replaced by current Dooly State Prison Warden Gregory Sampson. Plaintiff also alleges that he wrote to Warden Sampson, again asking to speak with the G.B.I.

18. In that letter, Plaintiff informed Sampson that members of the Gangster Disciples were orderlies in Plaintiff's dorm. Plaintiff also stated that he was/is receiving death threats because members of the Gangster Disciples from Wilcox State Prison used their cellphones to communicate with inmates at Dooly State Prison. Accordingly, Warden Sampson did not respond to Plaintiff's letter.

19. On July 11, 2024, Plaintiff was transferred to Valdosta State Prison. During the transfer, Plaintiff was taken to the Georgia Diagnostics and Classifications Prison, where he changed buses. At that time, Johnson was on the same bus as Plaintiff. During the roll call, Plaintiff learned Johnson's name and that Johnson was being transferred to Dooly State Prison.

20. When Plaintiff arrived at Valdosta State Prison, Plaintiff alleges that he informed Counselor Copeland, Chief Counselor Anderson, and Captain Evans that Plaintiff's family members had been murdered by the Gangster Disciples. In addition to Plaintiff's mother and brother, his uncles, aunts, cousins, including his two (2) daughters, Alisha G. Williams, Alexis R. Williams, and their mother, Lakeesha Tasha Grant have been killed.

21. Plaintiff again asked to speak with the G.B.I., noting that Johnson had been on the bus to Dooly State Prison. Captain Evans refused to contact the G.B.I. for Plaintiff, but he did place Plaintiff in segregation after Plaintiff refused to be housed in the general population.

22. On August 16, 2024, while Plaintiff was confined in administrative segregation, Sergent McClain failed to ensure that Plaintiff's cell door was fully closed and locked when he returned Plaintiff's cellmate, Landeeze Sims, from the shower.

23. Several hours later, Plaintiff was cleaning his cell when he realized that the door was unlocked. During that time, no officers were in Building E-2, and inmates who were not orderlies were entering the building. Plaintiff opened and closed the door himself to lock the cell. Two days later, on August 18, 2024, another officer put the bolt lock back on Plaintiff's cell door.

24. Upon information and belief, the Georgia Department of Corrections Standard Operating Procedure (S.O.P.) require two officers to be in segregation at all times. Moreover, the officers are suppose to make rounds every fifteen minutes.

25. Contrary to these requirements, Plaintiff asserts that officers leave the building abandoned for long stretches of time and that they falsify documents to hide their failure to make rounds.

26. On August 24, 2024, Plaintiff filed a grievance against Sergent McClain for failing to lock Plaintiff's cell door. Plaintiff gave the grievance to H. Davis, the Warden of Care and Treatment at Valdosta State Prison.

27. When Davis took Plaintiff's grievance, she held the paper in such a way that an inmate who was walking with her could read the contents of Plaintiff's grievance.

28. Plaintiff asserts that this action placed him in imminent danger because the inmate informed members of the Gangster Disciples about what Plaintiff's grievance contained. Plaintiff contends that he is afraid for his life and refuses to leave his cell for any reason.

29. On September 1, 2024, Captain Evans and Lieutenant Rogers brought Shabony Ptichford, an active Gangster Disciple with a violent prison record, to be Plaintiff's cellmate.

30. Plaintiff initially refused to allow Ptichford in his cell, reminding Evans that they had previously spoken about Plaintiff being targeted by the Gangster Disciples and telling Evans that Ptichford was/is a member of that gang.

31. Plaintiff relented, however, after Evans threatened Plaintiff with a pepperball assault rifle and Rogers with chemical agents spray if he did not allow Ptichford into his cell.

32. On September 14, 2024, Plaintiff alleges that PTichford tried to kill Plaintiff after PTichford had gotten high on meth and strips. Plaintiff asserts that he defended himself, disarmed PTichford, and stabbed PTichford with his own weapon.

33. Plaintiff asserts that the Defendants has a duty to protect prisoners from violence at the hands of other prisoners. And that the Defendants have breached their legal duty by their failure to remove all cellphones from within their prisons.

34. The Defendants' negligence has resulted in the wrongful deaths of innocent citizens of the State of Georgia; and has aided the Gangster Disciples to commit domestic terrorism.

35. Plaintiff notified multiple prison officials to a substantial risk of serious harm, yet to date, prison officials have disregarded that risk, and acted with subjective recklessness as used in the criminal law.

36. The Defendants' failure to act reasonably has caused the wrongful deaths of Plaintiff's family members. Each named public official's acts and omissions were the cause and contributing factor of the wrongful deaths of Plaintiff's family members, and the continuing imminent danger of the Plaintiff.

# V. EXHAUSTION OF LEGAL REMEDIES

37. Plaintiff used an Private International Administrative Process by sending the Georgia Department of Administrative Services an Affidavit of Notice of Claim pursuant to O.C.G.A. 50-21-26 to try and solve the problem. On June 4, 2025, Plaintiff presented the facts relating to this complaint.

# VI. LEGAL CLAIMS

38. Plaintiff realleges and incorporates by reference paragraphs 1-37.

39. "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both." 18 U.S.C. Section 4.

40. Conspiracy. A confederation of two or more individuals who may not know each other but, by their joint efforts commit some unlawful or criminal act. (Black's Law Dictionary)

41. Domestic Mixed War. A mixed war is one which is made on one side by public authority, and the other by mere private persons. (Black's Law Dictionary)

42. The Defendants are hereby accused of the following crimes against, and violations of the rights of the People of this Georgia Republic. Such rights or obligations are secured, preserved or defined by the Constitution of the United States to prevent such abuses by both employer and employee, and of government officials by their oaths to support said constitution.

43. Malfeasance of Office. By such wrongful action, these named individuals have acted with malfeasance of office in conspiracy with the Gangster Disciples, deliberately, knowingly, and willfully violating said rights are guilty of misconduct in office.

44. Treason. Treason is defined as the assault against the authority to whom one owes allegiance. It is one of three specific crimes named in the United States Constitution. It requires that one commit an act of war against the Constitution, or giving aid and comfort to an enemy. Such clearly defined actions by government officials and such Defendants, who have privileged authority in commerce by the Constitution, in specific connection to the above violations, malfeasance of office along with violating their oath of office and in the related connected activities herein stated above

is nothing short of Treason and Domestic Terrorism, and there is no other term or set of terms that accurately define such activity.

45. Defendants have willfully violated the basic fundamental principles this Country was founded on, and therefore condoned the acts of Domestic Terrorism and Treason by so-called government officials against the Plaintiff, making the Defendants liable for such acts of Treason by refusing to report criminal activity, i.e. Murder, and refusing to stop such actions against the Plaintiff, when they had the power and authority to do so after being Noticed (criminally) under Title 28, Section 4; civilly under Title 42, Sections 1983, 1985, 1986.

46. In addition to and along with the above cited crimes, the Defendants acted in concert with the Gangster Disciples to complete such acts as stated above.

47. The Defendants are truly guilty of Domestic Terrorism and Treason against the Constitution of the United States and declared a domestic mixed war against the Plaintiff and people of the State of Georgia.

48. Therefore, the Defendants are liable for the wrongful deaths of the Plaintiff's family members, in acting with the Gangster Disciples in conspiracy to destroy the Plaintiff, by such activity as stated above.

49. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of Defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully pray that this court enter judgement:

50. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States;

51. A preliminary and permanent injunction ordering the Defendants to release the Plaintiff into the custody of the United States Marshal, and that a criminal investigation be put on the criminal organization Gangster Disciples for a R.I.C.O. indictment statewide for the murder of the Plaintiff's family members and attempted murder of the Plaintiff and conspiracy charges.

52. Granting Plaintiff compensatory damages in the amount of $200,000,000.00 against each named Defendant jointly and severally, for the wrongful deaths.

53. Plaintiff seeks punitive damages in the amount of $10,000,000,000.00 against each named Defendant.

54. Plaintiff seeks a jury trial on all issues triable by jury.

55. Plaintiff seeks recovery of his costs in this suit, and

56. Any additional relief this Court deems just, proper, and equitable.

Dated: 7-1-2025

Respectfully Submitted,
Grady Renard Jr. Williams a.k.a. Abdul Malik Bey UCC1-308

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Valdosta, Georgia on July 1, 2025

L.S./ Grady Renard Jr. Williams    Abdul Malik Bey UCC1-308
Grady Renard Jr. Williams a.k.a. Abdul Malik Bey